UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY HUGHES,

    Plaintiff,

    v.      CAUSE NO.: 3:18-CV-873-PPS-MGG

LARRY ALDRIDGE, et al.,

    Defendants.

# OPINION AND ORDER

Terry Hughes, a prisoner without a lawyer, filed a complaint claiming that excessive force was used against him and that certain officials were deliberately indifferent to his medical needs. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hughes tells me that on November 14, 2016, Sergeant Larry Aldridge assisted him in getting out of his cell due to a fire in the restrictive housing unit. He informed Sergeant Aldridge that his left hand and arm were injured, but Sergeant Aldridge exacerbated the injury during the evacuation efforts. Sergeant Aldridge later changed his approach by switching to flexible handcuffs, but he refused to allow Hughes to seek

medical care. Hughes has since been unable to obtain appropriate medical care for this injury. As a result, Hughes continues to suffer from pain and immobility in the left arm. He seeks appropriate medical care and money damages.

Hughes claims under the Eighth Amendment that Sergeant Aldridge used excessive force against him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* According to Hughes, Sergeant Aldridge exacerbated the injury to his left arm during the fire evacuation despite Hughes' warning. Though Sergeant Aldridge may have a legitimate explanation for using this degree of force against Hughes, the complaint plausibly states an Eighth Amendment claim of excessive force against him.

Hughes asserts an Eighth Amendment claim of deliberate indifference to serious needs against Sergeant Aldridge. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). According to Hughes, Sergeant Aldridge refused to allow Hughes to seek medical treatment after the evacuation. Giving Hughes the inferences to which he is entitled at this stage, he

states a plausible Eighth Amendment claim of deliberate indifference against Sergeant Aldridge.

Additionally, Hughes names Warden Kathy Griffin and Warden William Hyatt as defendants, asserting that they are responsible for Sergeant Aldridge's misconduct and the medical staff's refusal to provide proper treatment. However, absent an allegation of personal involvement, he cannot proceed against Warden Griffin or Warden Hyatt on a claim for money damages. *See Jones v. City of Chicago*, 856 F.2d 985, 992–93 (7th Cir. 1988) ("To be held liable for conduct of their subordinates, supervisors must have been personally involved in that conduct."). Nevertheless, the Warden of the Miami Correctional Facility has both the authority and the responsibility to ensure that Hughes receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Hughes may proceed against Warden William Hyatt in his official capacity for the injunctive relief claim.

Finally, Hughes asserts claims against Wexford and Corizon, which are corporate entities. A corporate entity "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quotation omitted). Rather, corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporate entity can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* The policy must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695 (7th Cir. 2013) (quotation omitted). Absent an

3

unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Because Hughes has not identified a corporate policy or practice that caused the harms alleged in the complaint, he does not state a claim against Wexford and Corizon.

For these reasons, the court:

(1) GRANTS Terry Hughes leave to proceed against Larry Aldridge for money damages on an Eighth Amendment claim of excessive force in connection with the fire evacuation on November 14, 2016;

(2) GRANTS Terry Hughes leave to proceed against Larry Aldridge for money damages on an Eighth Amendment claim of deliberate indifference for refusing to allow him to seek medical attention in connection with the fire evacuation on November 14, 2016;

(3) GRANTS Terry Hughes leave to proceed on an injunctive relief claim against Warden William Hyatt in his official capacity to obtain medical treatment for his left arm as required by the Eighth Amendment;

(4) DISMISSES Defendants Kathy Griffin, Corizon, and Wexford;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Larry Aldridge and William Hyatt at the Indiana Department of Correction

with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Larry Aldridge and William Hyatt to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Terry Hughes has been granted leave to proceed in this screening order.

ENTERED: November 26, 2018.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT